[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16098
Non-Argument Calendar
_____

D.C. Docket No. 4:00-cr-00033-HL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND PRESCOTT,
a.k.a. Ram,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 25, 2013)

Before PRYOR, ANDERSON, and DUBINA, Circuit Judges.

PER CURIAM:

Raymond Prescott appeals the district court's denial of his motion to modify his term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2).  After careful review, we affirm.

Prescott argues that he is entitled to a sentence reduction notwithstanding his status as a career offender, and that he should be resentenced based on the lowered mandatory minimum and statutory maximum sentences under the Fair Sentencing Act of 2010 ("FSA").  Citing to *Freeman v. United States*, 564 U.S. __, 131 S. Ct. 2685 (2011), he argues that his sentence was based on U.S.S.G. § 2D1.1(c), which was amended by Amendment 750.  Prescott argues that we should not rely on our decision in *United States v. Lawson*, 686 F.3d 1317 (11th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 568 (2012), in the instant case because it relies unduly on Justice Sotomayor's concurrence in *Freeman*, does not specifically address career offenders, and lacks any in-depth analysis of the FSA's background.  Prescott further argues that he was entitled to be resentenced under the FSA's reduced statutory penalties for crack-cocaine offenses.  In his reply brief, Prescott argues that *United States v. Berry*, 701 F.3d 374 (11th Cir. 2012), and *United States v. Hippolyte*, 712 F.3d 535 (11th Cir. 2013), are distinguishable from his case.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *Lawson*, 686 F.3d at 1319.  Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is

2

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

In *United States v. Moore*, we held that a career offender is not entitled to § 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was based. 541 F.3d 1323, 1330 (11th Cir. 2008).  In *Lawson*, we rejected a career offender's argument that, in light of the Supreme Court's decision in *Freeman*, the holding of *Moore* was overruled, such that he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, despite his sentence being based on the career offender guideline.  *Lawson*, 686 F.3d at 1319–21.  In *Freeman*, the question before the Supreme Court was whether defendants who entered into Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief.  *Freeman*, 564 U.S. at __, 131 S. Ct. at 2690.  Neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1.  *Lawson*, 686 F.3d at 1321.  Thus, *Freeman* did not overrule *Moore*'s holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment because it was not "clearly on point" to the

3

issue that arose in *Moore*. *Id.* (quotation omitted). Accordingly, we held that Lawson, a career offender, was not entitled to relief based on Amendment 750 and § 3582(c)(2), as his guideline range based on § 4B1.1 was not reduced by Amendment 750. *Id.*

In *Berry*, we addressed the applicability of Amendment 750 and the FSA in the context of a § 3582(c)(2) proceeding. 701 F.3d at 376–77. Berry was convicted of a crack cocaine offense and sentenced in 2002, and his initial guideline range was 360 months to life imprisonment, which was based on his status as a career offender under § 4B1.1(b), not on the drug quantity tables in § 2D1.1. *Id.* at 376. On appeal, we held that the district court did not have the authority to grant Berry's § 3582(c)(2) motion because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment or his guideline sentence of life imprisonment. *Id.* at 377. In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining that the FSA was not an amendment to the Guidelines by the Sentencing Commission, but rather a statutory change by Congress. *Id.* Thus, it did not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, his claim still failed because he was convicted and sentenced in 2002 and the FSA did not apply retroactively to his 2002 sentence. *Id.*

4

In *Hippolyte*, we rejected the defendant's arguments (1) that Congress intended for the FSA to apply to drug-crime sentence reductions under § 3582(c)(2) and (2) that it would be inconsistent to apply the more lenient sentencing ranges of Amendment 750, but keep the harsh pre-FSA mandatory minimums in a § 3582(c)(2) proceeding involving a defendant sentenced before the FSA's enactment. 712 F.3d at 539–40, 542. We determined that *Berry* was indistinguishable from Hippolyte's case, and, thus, the FSA's reduced statutory penalties did not apply. *Id.* at 542.

Here, Prescott was not eligible for a reduced sentence under Amendment 750 because he was sentenced as a career offender under § 4B1.1. *See Moore*, 541 F.3d at 1330. Amendment 750, which only amended § 2D1.1, did not operate to lower Prescott's Guidelines range of 262 to 327 months' imprisonment. Regardless of the effect of Amendment 750, as a career offender, Prescott remained subject to a total offense level of 34 in light of his statutory maximum sentence of life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2000); U.S.S.G. § 4B1.1. The asserted reduction in Prescott's Guidelines range was wrought solely by the FSA, which is not a Guidelines amendment and, therefore, cannot serve as the basis for a sentence reduction. *See Berry*, 701 F.3d at 377. Moreover, Prescott cannot benefit from the FSA because he was sentenced prior to its enactment. *See* Pub. L. No. 111-220, 124 Stat. 2372; *Berry*, 701 F.3d at 377–78.

5

The FSA does not apply to Prescott's case, and he has not shown that he is entitled to a § 3582(c)(2) sentence reduction because he has not shown that an amendment to the Guidelines has the effect of reducing his sentence.  Accordingly, the district court did not err in denying Prescott's § 3582(c)(2) motion.

**AFFIRMED.**